E-FILED on __09/30/09__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOBBY ANTOINE MCKENZIE,<br><br>Petitioner,<br><br>v.<br><br>LYDIA C. HENSE, Warden,<br><br>Respondent. | No. CV-08-03512 RMW<br><br>ORDER GRANTING PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL, ORDER TO SHOW CAUSE RE: PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

Bobby Antoine McKenzie, ("petitioner"), a California state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2005 conviction of first degree murder in Alameda County Superior Court. On July 22, 2008, petitioner filed a motion for appointment of counsel. For the reasons set forth below, the court GRANTS petitioner's motion for appointment of counsel (docket no. 3) pursuant to 18 U.S.C. § 3006A and requires respondent to show cause why a writ of habeas corpus should not be granted.

## II. BACKGROUND

Petitioner was charged with first-degree murder in violation of Cal. Pen. Code § 187(a) for the homicide of Abdul Nawabi. On July 20, 2005, the jury convicted petitioner and sentenced him

1  to  to fifty (50) years to life in prison.  At trial it was undisputed that petitioner shot the victim at
2  close range.  The question before the jury was petitioner's claim of self defense.  Petitioner timely
3  appealed and the Court of Appeal affirmed his conviction on August 1, 2007.  Petitioner filed a
4  petition for review in the California Supreme Court.  The California Supreme Court denied his
5  petition for review on October 31, 2007.  Petitioner's writ for habeas corpus was filed in this court
6  on July 22, 2008.

## III. DISCUSSION

### A. Appointment of Counsel

Solomon Wollock has appeared as counsel of record, and has filed this petition on behalf of petitioner.  Petitioner has moved for appointment of counsel pursuant to 18 U.S.C. § 3006A (a)(2)(B), which authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation.

The Sixth Amendment's right to counsel does not apply in habeas corpus actions.  *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986).  The decision to appoint counsel under 18 U.S.C. § 3006A(a)(2)(B) is within the discretion of the district court. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).  The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases.  *See generally* R. Hertz and J. Liebman, *Federal Habeas Corpus Practice and Procedure* § 12.3b at 699-701 (5th ed. 2001).  Thus, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.  *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965), *cert. denied*, 382 U.S. 996 (1966).

1    In this case, Mr. Wollock previously served as petitioner's counsel in his appeal to the California Court of Appeal for the First Appellate District and also wrote his petition for review to the Caifornia Supreme Court.  Petitioner seeks relief from his incarceration on the grounds that (1) the prosecutor violated petitioner's Sixth Amendment confrontation rights by repeatedly referencing out of court testimonial statements of witnesses who were unavailable for trial; (2) defense counsel provided ineffective assistance of counsel, in violation of the Sixth and Fourteenth Amendments by failing to make contemporaneous objection to various instances of prosecutorial misconduct; and (3) the trial court violated petitioner's Sixth and Fourteenth Amendment rights to a jury verdict based on the evidence presented at trial by failing to order an evidentiary hearing into petitioner's showing that the jury relied on facts not in evidence.

Petitioner is indigent and otherwise unable to obtain representation.  Petitioner's claims present complex constitutional issues.  As a lay person without any legal training, petitioner is unlikely to have an understanding of the legal rules relating to hearsay, prosecutorial misconduct and jury misconduct.  To properly brief the court on petitioner's claims and applicable precedent, and to ensure that petitioner is adequately represented in the present habeas proceedings, the use of an attorney is required in this case.  Furthermore, in light of Mr. Wollock's extensive representation of the petitioner's habeas petition at the state level, the court finds that Mr. Wollock is particularly well-suited to represent petitioner in this action.

**B.    Order to Show Cause**

**1.    Standard of Review**

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

**2.    Petitioner's Claims**

1    The crux of petitioner's Habeas claims surrounds prosecutorial misconduct during trial,
2 abuse of discretion on the part of the court, and juror misconduct.  According to the petition, during
3 state court proceedings the prosecutor repeatedly referenced the out of court statements of two
4 witnesses to the shooting.  Both witnesses, in statements to the police, indicated that the shooting
5 was related to prostitution and retaliation, however, neither was willing to testify at trial.  Petitioner
6 further claims the prosecution made insinuations during examination and closing arguments that the
7 shooting was related to prostitution and that petitioner threatened the witnesses into not appearing.
8 The California Court of Appeal found the court's oversight regarding the prosecution's "misconduct"
9 harmless error.  *See* Court of Appeal Opinion pp 13-14. Finally petitioner contends he was denied
10 his federal constitutional right to a fair trial as a result of jury misconduct.  Petitioner provides the
11 declaration of a defense investigator which details post-trial conversations with four jurors and
12 which suggests that the jurors consulted a dictionary to look up terms including possibly
13 premeditation and intent.

14    In light of these claims, the court requires respondent to show cause why petitioner's petition
15 for a writ of habeas corpus should not be granted.

### IV. CONCLUSION

17    For the reasons stated above, the Court orders as follows:

18    (1)    Petitioner's application for appointment of counsel is GRANTED.  Attorney Solomon
19 Wollock is appointed as counsel pursuant to 18 U.S.C. § 3006A, which provides for funds to pay
20 appointed counsel.  *See United States v. Salemo*, 81 F.3d 1453, 1459 & n.4 (9th Cir. 1996).  Counsel
21 shall seek reimbursement pursuant to 18 U.S.C. § 3006A(d) and (e) via the Federal Public
22 Defender's Office.

23    (2)    The clerk shall serve by certified mail a copy of this order and the petition and all
24 attachments thereto on respondent and respondent's attorney, the Attorney General of the State of
25 California. The clerk also shall serve a copy of this order on petitioner.

26    (3)    Respondent shall file with the court and serve on petitioner, within sixty (60) days of
27 the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing
28 Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent

ORDER GRANTING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL - No. C-08 03512 RMW
AKT                                     4

1 shall file with the answer a copy of all portions of the state trial record that have been transcribed
2 previously and that are relevant to a determination of the issues presented by the petition.

3     (4)    If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
4 court and serving it on respondent  within thirty (30) days of his receipt of the answer.

5     (5)    Respondent may file a motion to dismiss on procedural grounds in lieu of an answer,
6 as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.
7 If respondent files such a motion, petitioner shall file with the court and serve on respondent an
8 opposition or statement of non-opposition within thirty (30) days of receipt of the motion, and
9 respondent shall file with the court and serve on petitioner a reply within fifteen (15) days of receipt
10 of any opposition.

11     (6)    Petitioner is reminded that all communications with the court must be served on
12 respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must also
13 keep the court and all parties informed of any change of address.

14     IT IS SO ORDERED.

17 DATED:    09/30/09                                                                    /s/ Ronald M. Whyte
                                                                         RONALD M. WHYTE
18                                                                          United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Petitioner:**

Solomon Robert Wollack           sol@wollack.com

**Counsel for Respondent:**

(No appearance)

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

Dated:   _____09/30/09_____           _____JAS_____
                                                                            Chambers of Judge Whyte

ORDER GRANTING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL - No. C-08 03512 RMW
AKT                                                                           6